JAMES M. DUNCAN, State Bar No. 161474
KLEIN, DeNATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
P.O. Box 11172
Bakersfield, California 93389-1172
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
Email: jduncan@kleinlaw.com

Attorneys for Bassam Abed

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASSAM ABED, an individual residing in California, | Case No. |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |
| v. | **DEMAND FOR JURY TRIAL** |
| FERRAS MILBES, an individual residing in California, and doing business as FERRARI MASSARI, | Assigned to Hon. Dept: Complaint Filed: |
| Defendant. | |

Plaintiff alleges as follows:

## PARTIES

1.      Plaintiff, BASSAM ABED ("ABED"), is a California resident residing in Bakersfield, County of Kern, State of California.  ABED is, in part, engaged in the business of manufacturing, distributing and selling throughout the United States, including within this Judicial District, apparel under the federally registered mark MASSARI.

2.      ABED is informed and believes, and on that basis alleges, that defendant, FERRAS MILBES ("MILBES")  is a California resident, and  doing business as FERRARI MASSARI at 11801 Pierce Street, 2nd Floor, Riverside, County of Riverside, State of California, 92505 while residing at 12551 Wayne Circle, Cerritos, California, 92505.

////

1

<strong><u>JURISDICTION</u></strong>

2      3.     This court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

3  § 1338(a) and (b).

4      4.     The court has personal jurisdiction over MILBES because ABED is informed

5  and believes that MILBES is doing business at  11801 Pierce Street, 2nd Floor, Riverside,

6  County of Riverside, California, 92505 while residing at 12551 Wayne Circle, Cerritos,

7  California, 92505.

8      5.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)1 and (c)(1).

9

<strong><u>COUNT ONE</u></strong>

10

<strong>(Trademark Infringement)</strong>

11      6.     ABED is the owner of United States Trademark Registration Nos. 4,934,260

12  5,311,539, and 5,313,598 for the word mark MASSARI, as well as pending application

13  number US 87/184,484.   Registration No. 4,934,260 is used in International Class 25 to

14  identify baseball caps and hats; belts for clothing; hats, hooded sweatshirts; jackets; pants;

15  shirts; socks and ties, and is referred to hereinafter as the "Registered Trademark").  ABED

16  filed his application to register the MASSARI trademark on July 5, 2013 A true and correct

17  copy of the Registered Trademark is attached as Exhibit "A" and is incorporated by reference.

18      7.     ABED is informed and believes, and on that basis alleges, MILBES has

19  infringed  the MASSARI trademark in interstate commerce by various acts, including selling,

20  offering for sale, and advertising clothing items bearing the mark "FERRARI MASSARI",

21  specifically pants, jackets and shoes.

22      8.     ABED is informed and believes, and on that basis alleges, MILBES operates a

23  website at www.ferrarimassari.com (the "MILBES website") which advertises a line of

24  clothing items under the FERRARI MASSARI brand.

25      9.     The MILBES website advertises, among other things, "MASSARI LEATHER"

26  without inclusion of the term "FERRARI", further creating a likelihood of confusion with the

27  Registered Trademark.

28  / / /

10.     ABED informed and believes, and on that basis alleges, that on November 24, 2016,  MILBES filed U.S. Application Serial No. 87247546 (the "'546 Application") for the stylized mark FERRARIMASSARI, with the word FERRARI  in small print and the word MASSARI in large print.  The described goods in the '546 Application are listed as "Jeans; Leather coats; Leather shoes; Shoes; Belts for clothing; Belts made of leather; Belts of textile; Body shirts; Bomber jackets; Caps; Clothing, namely, khakis; Clothing, namely, thobes; Crew neck sweaters; Crew necks; Drawers; Eyeshades; Footwear; Fur coats; Fur jackets; Hats; Headbands; Heavy jackets; Heels; Hooded pullovers; Hooded sweat shirts; Hoods; Jackets incorporating backpacks; Jeans; Keffiyehs (Yashmaghs); Knit shirts; Leather belts; Leather coats; Leather hats; Leather headwear; Leather shoes; Leisure suits; Long sleeve pullovers; Mocknecks; Motorcycle jackets; Neckties; Outdoor gloves; Outer jackets; Over shirts; Overcoats; Pants; Reversible jackets; Robes; Scarfs; Sheepskin coats; Sheepskin jackets; Shirts; Shoe accessories, namely, fitted decorative covers for shoes; Shoe straps; Shoes; Short-sleeved or long-sleeved t-shirts; Short-sleeved shirts; Slacks; Sneakers; Socks; Soles for footwear; Sports jerseys; Stretch pants; Suede jackets; Sweat jackets; Sweaters; Tee shirts; Track jackets; Tracksuits; Underwear; Vests; Women's clothing, namely, shirts, dresses, skirts, blouses; Wristbands" in International Class No. 25, alleging a date of first use of May 25, 2016.

11.     ABED is informed and believes, and on that basis alleges, that MILBES amended the '546 application on approximately August 26, 2017 to amend the description of the mark to read "The marks consists of the living individual name FerrariMassari with a logo for the designer brand that logo consists of the letter F in the shape of wings on the right and left side. and in the middle the letter M shaped like a heart on the top."  ABED is further informed and believes, and on that basis alleges, that MILBES amended the listing of goods to be used in connection with the FERRARIMASSARI mark to be "Jeans; Leather coats; Leather shoes; Belts made of leather; backpacks; Leather shoes;; Reversible jackets; Sheepskin jackets; Shoes Sneakers."

///

12.    ABED is informed and believes, and on that basis alleges, that the '546 Application currently stands rejected by the United States Patent and Trademark Office because, among other deficiencies, of a likelihood of confusion with the Registered Trademark.

13.    On March 6, 2017, James M. Duncan, counsel for ABED, wrote a letter to MILBES, sent via overnight mail and email, and demanded that MILBES cease and desist his infringing uses of the MASSARI trademark, and provide his agreement to do so by March 17, 2017.  Notwithstanding receiving notice of his infringement, MILBES failed to comply with the demand to cease and desist, and continues to market goods under the FERRARIMASSARI mark which are the same and/or related to the goods marketed by ABED under the Registered Trademark.

14.    ABED is informed and believes MILBES' continued and unauthorized use of the Registered Trademark was made with knowledge that the Registered Trademark is the exclusive property of ABED.

15.    ABED is informed and believes, and on that basis alleges, that MILBE's unauthorized use of marks which are confusingly similar to the Registered Trademark is deliberate and has caused, and will continue to cause, confusion, mistake, and/or deception, among ABED's and MILBES' customers, as to the source, sponsorship, or origin of ABED's products and MILBES' products.

16.    MILBES' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

17.    ABED is informed and believes, and on that basis alleges that as a direct result of said trademark infringement, ABED has sustained and is likely to continue to sustain substantial monetary damages and irreparable injury to his business, reputation and goodwill.

18.    ABED has no adequate remedy at law and, in light of the foregoing, is entitled to permanent injunctive relief prohibiting MILBES from using any marks which are confusingly similar to the Registered Trademark.

19.    Moreover, by reason of the foregoing, ABED is entitled under Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), to recover MILBES' profits, ABED's damages, and the

COMPLAINT

1   costs of this action.  ABED is also entitled under Section 35(a) of the Lanham Act, 15 U.S.C.

2   §1117(a), to treble damages by reason of the circumstances of the case, and to attorneys' fees

3   by reason of the willfulness of MILBES' conduct, which willfulness renders this an

4   exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a).

5          20.      Further, ABED is entitled under Section 36 of the Lanham Act, 15 U.S.C.

6   §1118, to a court order providing that all products, product packaging, advertising, and

7   promotional material bearing the Registered Trademark be delivered up and destroyed.

8                                         **COUNT TWO**

9                    **(Infringement of Common Law Trademark Rights)**

10         21.      ABED hereby realleges, as if fully set forth herein, the allegations of paragraphs

11   6 through 20.

12         22.      ABED began use of the MASSARI trademark in commerce beginning on

13   approximately February 1, 2015.

14         23.      ABED is informed and believes, and on that basis alleges, that MILBES did not

15   begin use of the FERRARI MASSARI trademark until May 25, 2016.

16         24.      MILBES' use of marks confusingly similar to the MASSARI trademark is

17   likely to cause confusion, mistake or deception among consumers as to the source, sponsorship

18   and origin of MILBES' products and those of ABED's products.

19         25.      The acts of MILBES alleged in this complaint are without the authority and

20   consent of ABED and are in violation of ABED's  common law rights in the MASSARI

21   trademark.

22         26.      ABED is entitled to an injunction to restrain MILBES from infringing use of the

23   MASSARI trademark.

24         27.      ABED is informed and believes, and on that basis alleges, that MILBES'

25   attempts to capitalize on and profit from its alleged infringement of the MASSARI trademark

26   and failure to cease and desist that conduct after adequate notification, was oppressive,

27   fraudulent, and/or malicious, and subjects MILBES to exemplary damages.

28   / / /

1

**COUNT THREE**

**(Unfair Competition by Infringement of Common Law Rights)**

2

3    28.    ABED hereby realleges, as if fully set forth herein, the allegations of paragraphs

4   6 through 20 and 22 through 27.

5    29.    The acts of MILBES alleged in this complaint constitute unfair competition and

6   an infringement of ABED's common-law rights in the MASSARI trademark.

7    30.    ABED is informed and believes, and on that basis alleges, that MILBES has

8   infringed ABED's MASSARI trademark as alleged herein with the intent to deceive the public

9   into believing that the goods MILBES has sold or sells are made by, approved by, sponsored

10   by, or affiliated with ABED.

11

**COUNT FOUR**

**(Unfair Competition Under California Business & Professions Code, § 17200)**

12

13    31.    ABED hereby realleges, as if fully set forth herein, the allegations of paragraphs

14   6 through 20, 22 through 27, and 29 through 30.

15    32.    ABED is informed and believes, and on that basis alleges, that MILBES has

16   used false and misleading information to capitalize on  ABED's goodwill in the MASSARI

17   trademark by selling without authorization the same or related products under confusingly

18   similar trademarks.

19    33.    MILBES' acts constitute unfair competition and an infringement of ABED's

20   rights in the MASSARI trademark.  By using marks which are confusingly similar with

21   ABED's trademark, MILBES has committed acts that constitute unfair competition within the

22   meaning of California Business and Professions Code, section 17200, et seq., in that MILBES'

23   business practices are forbidden by law and immoral, unethical, oppressive, unscrupulous,

24   substantially injurious, and/or fraudulent.

25    34.    MILBES' unfair business practices are causing irreparable injury to ABED and

26   thereby entitle ABED to recover any profits unfairly obtained by MILBES through his use of

27   marks which are confusingly similar to the MASSARI trademark.

28   / / /

6

1

**PRAYER FOR RELIEF**

2

WHEREFORE, ABED prays:

3

A.      That this Court grant a preliminary injunction enjoining and restraining

4   MILBES and his, servants, and employees from directly or indirectly using any marks which

5   are confusingly similar to the MASSARI trademark, including the use of any confusingly

6   similar marks on any website operated and/or controlled by MILBES;

7

B.      That this Court grant a permanent injunction enjoining and restraining MILBES

8   and his agents, servants, and employees from directly or indirectly using any marks which are

9   confusingly similar to the MASSARI trademarks, including the use of any confusingly similar

10   marks on any website operated and/or controlled by MILBES;

11

C.      That this Court, pursuant to the powers granted it under 15 U.S.C.A. § 1118,

12   order that all products, labels, signs, prints, packages, wrappers, receptacles, and

13   advertisements in the possession of MILBES bearing any marks which are confusingly similar

14   to the MASSARI trademark be delivered up and destroyed;

15

D.      That this Court grant an injunction enjoining and restraining MILBES and his

16   agents, servants, and employees from (1) directly or indirectly using any trademarks or any

17   other mark, word, or name confusingly similar to the MASSARI trademark that is likely to

18   cause confusion and (2) continuing any and all acts of unfair competition as alleged herein;

19

E.      That MILBES be required to account to ABED for any and all profits derived

20   by MILBES from the sale of any infringing goods and for all damages sustained by ABED by

21   reason of MILBES' acts of infringement and unfair competition complained of in this

22   Complaint;

23

F.      That this Court award punitive and exemplary damages against MILBES' and

24   in favor of ABED according to proof by reason of MILBES' intentional infringement of the

25   MASSARI trademark;

26

G.      For attorneys' fees;

27

H.      That costs of this action be awarded to ABED; and

28   / / /

COMPLAINT

1     I.     That this Court grant such other and further relief as it shall deem just.

2

3   Date: 11/1/2017

                                  KLEIN, DeNATALE, GOLDNER,
4                                    COOPER, ROSENLIEB & KIMBALL, LLP

5

6                     By:    _____

7                           JAMES M. DUNCAN
                           Attorneys for  BASSAM ABED

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28